# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEYVA VALDEZ, JR.,<br><br>Petitioner,<br><br>vs.<br><br>W.L. MONTGOMERY,<br><br>Respondent. | Case No. EDCV 16-00567-VAP (DTB)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation ("R&R") of the United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the R&R to which objections have been made. The Court accepts the findings and recommendations of the Magistrate Judge.

In his Objections, petitioner essentially restates arguments made in his Response to Order to Show Cause that he delayed in filing his second state habeas petition in the California Court of Appeal because he was "wait[ing] for the California Supreme Court to decide [People v. Elizalde, 61 Cal. 4th 523 (2015)]." (Response at 4.) Those arguments lack merit for the reasons stated in the R&R.

///

///

1

1    However, petitioner now appears to also argue that because he had "good
2 cause" for the delay and, more importantly, because his state petitions were not denied
3 as untimely, he is entitled to gap tolling. (Objections at 12-13.)  Petitioner is
4 mistaken.

5    As explained by the Court in the R&R (R&R at 6), the Supreme Court has held
6 that when a California court rejects a petition without any indication as to its
7 timeliness, even if the denial is based "on the merits," the federal court must conduct
8 its own inquiry to determine whether it was timely filed in determining whether a
9 petitioner is entitled to gap tolling between the denial of one petition and the filing of
10 another in the next level of review. Evans v. Chavis, 546 U.S. 189, 198, 126 S. Ct.
11 846, 163 L. Ed. 2d 684 (2006). The Ninth Circuit has elaborated that while there is
12 no hard and fast rule for what constitutes unreasonable delay, an upper limit of
13 approximately sixty days is appropriate, unless an *adequate* explanation for additional
14 delay has been provided. See Velasquez v. Kirkland, 639 F.3d 964, 967-68 (9th Cir.
15 2011); Noble v. Adams, 676 F.3d 1180, 1183 (9th Cir. 2012). Here, the Court
16 determined that petitioner's delay of 349 days, over eleven months, between the denial
17 of his first state habeas petition by the Superior Court and the filing of his second
18 petition in the California Court of Appeal, was not reasonable, especially in light of
19 the fact that petitioner asserted the same claims in all of his state habeas petitions.
20 (R&R at 7-9.) Accordingly, petitioner's arguments have no merit.
21    IT THEREFORE IS ORDERED that Judgment be entered denying the Petition
22 and dismissing this action with prejudice.

24 DATED:    September 8, 2016

                              _____
                              VIRGINIA A. PHILLIPS
                              CHIEF UNITED STATES DISTRICT JUDGE